# ENTRY ORDER

2018 VT 29

SUPREME COURT DOCKET NO. 2018-042

MARCH TERM, 2018

| | |
|---|---|
| In re Robert Hamm Moyer, Esq. (Office of Disciplinary Counsel) | } ORIGINAL JURISDICTION<br>}<br>} Professional Responsibility Board<br>}<br>} DOCKET NO. 2018-078 |

In the above-entitled cause, the Clerk will enter:

¶ 1. On January 30, 2018, Disciplinary Counsel for the Professional Responsibility Board filed with the Court a certified copy of an Order of Public Censure of respondent entered by the Board of Professional Responsibility of the Supreme Court of Tennessee. The Tennessee Board of Professional Responsibility found that respondent engaged in a pattern of collecting a partial attorney fee from clients in Chapter 7 bankruptcy proceedings and requiring the clients to make installment payments on the remainder of his fees after their bankruptcy petitions were filed. Respondent failed to advise his clients that they had no legal obligation to pay the remainder of his fees after their petitions were filed. Respondent collected post-petition attorney fees from his clients, which constituted a concurrent conflict of interest since respondent put himself in the position of creditor with his own clients. In certain cases where his clients failed to comply with their installment payments, respondent filed civil collection actions against them after their debts were discharged in bankruptcy in violation of federal law. Additionally, in his collection actions, respondent requested a one-third fee above and beyond the amount alleged to be owed as an attorney fee while acting in a pro se capacity. The Tennessee Board of Professional Responsibility concluded that by these acts, respondent violated Tennessee Rules of Professional Conduct 1.1 (competence), 1.4 (communication), 1.5 (fees), 1.7 (conflict of interest), 1.9 (duties to former clients), 3.1 (meritorious claims), and 8.4(a) and (d) (misconduct), and it publicly censured respondent for these violations.

¶ 2. Our attorney discipline rules provide that after thirty days after receiving notice that a Vermont licensed attorney was disciplined in another jurisdiction, this Court "shall impose the identical discipline unless the Court finds that upon the face of the record from which the discipline is predicated it clearly appears, or disciplinary counsel or the lawyer demonstrates," that such discipline would be unwarranted under the grounds set forth in Administrative Order 9, Rule 20.D(1) through (4). A.O. 9, Rule 20.D. Accordingly, the Court issued an order providing respondent with an opportunity to inform the Court, no later than March 5, 2018, of any claim that the imposition of identical discipline by this Court would be unwarranted on such grounds. Absent such a showing, the imposition of discipline for misconduct in another jurisdiction "establish[es]

conclusively the misconduct" for the purpose of imposing the identical discipline in this State. A.O. 9, Rule 20.E. Respondent filed no response.

¶ 3.    Accordingly, finding no basis in the record to conclude that the imposition of identical discipline in this State would be unwarranted, an order of public reprimand is hereby entered.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

☒ Publish

☐ Do Not Publish

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice